Jeffrey I. Carton (JC 8296)
Peter N. Freiberg (PF 1561)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
Telephone:   914-517-5000
Facsimile:   914-517-5055
Attorneys for Defendant


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANGEL RAMOS, on behalf of himself and
others similarly situated,                                              Case No.: 08-CV-02781
                                                                                     ECF Case
                                          Plaintiff,

                                                                             **ANSWER WITH**
            - against -                                               **AFFIRMATIVE DEFENSES**

HUNTS POINT SERVICE STATION, INC.,

                                          Defendant.
-------------------------------------------------------------X


Defendant, Hunts Point Service Station, Inc. ("Hunts Point"), by and through its

counsel, Meiselman, Denlea, Packman, Carton & Eberz P.C., hereby files its Answer

with Affirmative Defenses to the Complaint of plaintiff, Angel Ramos ("Ramos"), on

behalf of himself and purportedly for a class of similarly situated persons.

Hunts Point answers the specifically enumerated paragraphs in the Complaint as

follows:

1.       Hunts Point denies the allegations contained in Paragraph 1.

2.       Hunts Point denies the allegations contained in Paragraph 2.

3.       Paragraph 3 asserts legal declarations and conclusions to which no

response is required.  To the extent that a response is required, Hunts Point denies the

allegations contained in Paragraph 3.

4.    Paragraph 4 asserts legal declarations and conclusions to which no response is required.  To the extent that a response is required, Hunts Point denies the allegations contained in Paragraph 4, except to admit that it conducts business from its offices located within this judicial district.

5.    Hunts Point denies that Ramos is a resident of Bronx County, New York, as alleged in Paragraph 5, because his unemployment benefits are being paid to him at an address in Wilmington, Delaware.

6.    Hunts Point admits that it is a corporation organized under the laws of the State of New York with it principal executive office at 565 Hunts Point Avenue, Bronx, New York 10474, as alleged in Paragraph 6.

7.    In response to Paragraph 7, Hunts Point admits that Ramos was employed by Hunts Point from about 2004 or 2005 until January 2008.

8.    Paragraph 8 asserts legal declarations and conclusions to which no response is required.  To the extent that a response is required, Hunts Point denies the allegations contained in Paragraph 8.

9.    Paragraph 9 asserts legal declarations and conclusions to which no response is required.  To the extent that a response is required, Hunts Point denies the allegations contained in Paragraph 9

10.    Hunts Point denies the allegations contained in Paragraph 10.

11.    Hunts Point denies the allegations contained in Paragraph 11.

12.    Hunts Point admits the allegations contained in Paragraph 12.

13.    Hunts Point admits the allegations contained in Paragraph 13.

14.    Hunts Point denies the allegations contained in Paragraph 14.

15.    Hunts Point denies the allegations contained in Paragraph 15.

16.    Hunts Point denies the allegations contained in Paragraph 16.

17.    Other than to admit that the Law Offices of Robert L. Kraselnik, PLLC filed this action on behalf of Ramos and purportedly on behalf of others similarly situated, Hunts Point denies knowledge or information sufficient to form a belief in the truth of the allegations contained in Paragraph 17.

18.    Hunts Point realleges and reavers its answers to Paragraphs 1 through 17 in response to the allegations contained in Paragraph 18.

19.    Paragraph 19 asserts legal declarations and conclusions to which no response is required. To the extent that a response is required, Hunts Point denies the allegations contained in Paragraph 19.

20.    Paragraph 20 asserts legal declarations and conclusions to which no response is required. To the extent that a response is required, Hunts Point denies the allegations contained in Paragraph 20.

21.    Hunts Point admits the allegations contained in Paragraph 21.

22.    Paragraph 22 asserts legal declarations and conclusions to which no response is required. To the extent that a response is required, Hunts Point denies the allegations contained in Paragraph 22.

23.    Hunts Point denies the allegations contained in Paragraph 23.

24.    Hunts Point denies the allegations contained in Paragraph 24.

25.    Other than to admit that it has records pertaining to Ramos' employment, Hunts Point denies the allegations contained in Paragraph 25

26.    Hunts Point denies the allegations contained in Paragraph 26.

27.    Hunts Point denies the allegations contained in Paragraph 27.

28.    Hunts Point denies the allegations contained in Paragraph 28.

29.    Hunts Point denies the allegations contained in Paragraph 29.

30.    Hunts Point denies the allegations contained in Paragraph 30.

31.    Hunts Point realleges and reavers its answers to Paragraphs 1 through 30 in response to the allegations contained in Paragraph 31.

32.    Paragraph 32 asserts legal declarations and conclusions to which no response is required.  To the extent that a response is required, Hunts Point denies the allegations contained in Paragraph 32.

33.    Hunts Point denies the allegations contained in Paragraph 33.

34.    Hunts Point denies the allegations contained in Paragraph 34.

35.    Answering the "Prayer for Relief," Hunts Point denies that Ramos is entitled to the relief for which he prays on behalf of himself or any other individual, or to any other relief.

Further answering the Complaint, Hunts Point asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### FIRST DEFENSE

Ramos fails to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons whom he purports to represent, or to whom he purportedly is similarly situated.

-4-

## SECOND DEFENSE

This case may not be maintained as a collective action because Ramos is not similarly situated to or otherwise an adequate representative for the persons whom he purports to represent and, thus, cannot establish the existence of each of the requirements under 29 U.S.C. § 216.

## THIRD DEFENSE

Hunts Point specifically maintains that Ramos' pleading fails to meet the requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C. § 216.

## FOURTH DEFENSE

Some or all of Ramos' and/or the putative class members' claims are barred in whole or in part by the applicable statute(s) of limitations.

## FIFTH DEFENSE

Hunts Point, at all times, in all manners, acted in accordance with any and all duties and obligations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and its regulations, and/or applicable state law and regulations, if any (including but not limited to the New York Labor Law).

## SIXTH DEFENSE

To the degree it may be asserted in Ramos' Complaint, Ramos does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus this action cannot be maintained as a class action.

## SEVENTH DEFENSE

Ramos and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a class action under the FLSA or, to the degree asserted, under Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

Ramos and/or the putative class members are not entitled to some or all of the relief sought under the doctrine of consent.

## NINTH DEFENSE

Subject to proof through discovery, some or all of the putative class members may be exempt from overtime pay as they are not employees, but in fact, independent contractors, and therefore not covered as employees under the New York Labor Law, or the FLSA.

## TENTH DEFENSE

Hunts Point states, in the alternative if necessary, that part or all of any time Ramos alleges should be paid to him and/or to allegedly similarly situated employees is properly preliminary or postliminary time under 29 U.S.C. § 254, and therefore not compensable.

## ELEVENTH DEFENSE

Hunts Point states, in the alternative if necessary, that if, in fact, it has failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

## TWELFTH DEFENSE

Hunts Point states, in the alternative if necessary, that even if it in fact failed to pay unidentified individuals for any of the activities alleged in Ramos' Complaint, such activities do not constitute compensable work under the FLSA, and/or applicable state law and, furthermore, such alleged activities were not an integral and indispensable part of Ramos' principal activities of employment and are not compensable.

## THIRTEENTH DEFENSE

Hunts Point states, in the alternative if necessary, that its actions with respect to Ramos and any similarly situated worker, and/or putative class members were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259, and/or applicable state law.

## FOURTEENTH DEFENSE

Hunts Point states, in the alternative if necessary, that its actions with respect to Ramos and any other similarly situated worker, and/or putative class members, were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260, and/or applicable state law.

## FIFTEENTH DEFENSE

If Ramos has sustained any damages or if any putative members of any purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Hunts Point is entitled under

the equitable doctrine of setoff and recoupment to offset all obligations of Ramos or putative class members owed to Hunts Point against any judgment that may be entered against Hunts Point.

### SIXTEENTH DEFENSE

Ramos and/or the putative class members have received full payment for all work performed, thereby barring Ramos' and/or the purported class members' claims.

### SEVENTEENTH DEFENSE

Some or all of the putative class members claims are barred by the doctrine of accord and satisfaction.

### EIGHTEENTH DEFENSE

Some or all of Ramos' and/or the putative class members' claims are barred by the doctrine of waiver.

### NINETEENTH DEFENSE

Subject to proof by discovery, some or all of Ramos' and/or the putative class members' claims are barred because they executed a valid and enforceable general release of Hunts Point.

### TWENTIETH DEFENSE

To the extent applicable, this Court lacks jurisdiction over some or all of Ramos' or the putative class member's state claims.

### TWENTY-FIRST DEFENSE

Some or all of Ramos' and the putative class members' claims are preempted, in whole or in part.

## TWENTY-SECOND DEFENSE

Some or all of Ramos' claims for relief under New York law fail because New York law does not provide for mandatory overtime.

## TWENTY-THIRD DEFENSE

Some or all of Ramos' claims for class action relief under New York law fail because New York law prohibits class causes of action for relief that include invocation of penalties or liquidated damages against a defendant.

WHEREFORE, Hunts Point Service Station, Inc., demands judgment against Plaintiff, Angel Ramos, in its favor:

A.    Denying plaintiff all relief that he has prayed for on behalf of himself and on behalf of others similarly situated;

B.    Dismissing the Complaint in its entirety, with prejudice and at plaintiff's cost;

C.    Awarding defendant its costs and disbursements, including reasonable attorneys' fees; and

D.    Granting defendant all such other and further relief as the Court may deem just and proper.

Dated:        White Plains, New York
              June 23, 2008

                                    Peter N. Freiberg
                                    _____
                                    Peter N. Freiberg (PF 1561)
                                    MEISELMAN, DENLEA, PACKMAN
                                    CARTON & EBERZ P.C.
                                    Attorneys for Defendant
                                    1311 Mamaroneck Avenue
                                    White Plains, New York 10605
                                    (914) 517-5000

00208451.WPD

-10-

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Answer with Affirmative Defenses was filed electronically with the Clerk of Court using CM/ECF on June 23, 2008. As such, the foregoing was electronically served upon all counsel fo record on June 23, 2008. Additionally, the undersigned certifies that on June 23, 2008, he served a true paper copy the foregoing by United States Mail, first class postage prepaid, upon:

    Robert L. Kraselnik
    Law Office of Robert L. Kraselnik, PLLC
    40 Wall Street, 28th Floor
    New York, New York 10005

White Plains, New York, this 23rd day of June, 2008.

                                                _____
                                                Peter N. Freiberg

-11-